[Civ. No. 1749. First Appellate District.—January 13, 1916.]

## F. J. GHISELLI, Respondent, v. ALEXANDER THORS-TENSEN et al., Appellants.

QUIETING TITLE—EVIDENCE—TAX DEED—INSUFFICIENT COMPLAINT—DE-FECTIVE DESCRIPTION.—In an action to quiet title to a lot of land wherein the plaintiff based his title upon a tax deed, it is error to admit in evidence the documentary proofs of the assessment, sale, and tax deed in support of such title, where the description of the land set forth in the complaint with all of its courses running either northeasterly or southeasterly is radically defective, in that it cannot be made to describe a rectangular piece of land, or to include more than a small triangular fraction of the lot to which the documentary evidence related and which the findings of the court described.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George L. Jones, Judge presiding.

The facts are stated in the opinion of the court.

Hiram E. Casey, Charles F. Blandin, L. A. Kottinger, and Milton Shepardson, for Appellants.

H. M. Anthony, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff and from an order denying a new trial.

The action is in form an action to quiet title to a tract of land, the plaintiff's alleged title to which rests upon a tax deed. The first contention of the appellants to be considered is that relating to the sufficiency of the description of the land in question as set forth in the complaint to justify the admission of the documentary evidence upon which the title of the plaintiff must rest. The action was commenced prior to the eighteenth day of April, 1906, and the complaint and whatever other papers in the case were then on file were destroyed in the conflagration of that date. In the month of June of the following year the plaintiff upon proper application obtained an order for the restoration of the records in the case, and thereupon filed what purported to be a copy of the original complaint in the action. The description of the property contained in this restored complaint is as follows: "Commencing at a point on the southeasterly of Jessie street distant thereon 203 feet northeasterly from New Anthony street, thence running northeasterly along the said southerly line of Jessie street 15 feet; thence at a right angle southeasterly 87 feet and 6 inches; thence at a right angle southeasterly 15 feet, and thence at a right angle northeasterly 87 feet and 6 inches to the point of beginning."

It is obvious that this description with all of its courses running either northeasterly or southeasterly is radically defective, in that it cannot be made to describe a rectangular piece of land or to include more than a small triangular fraction of the lot of land to which the documentary evidence in the case relates and which the findings and judgment of the court describe. This being so, the objections which the defendant Blandin urged to the admission in evidence of the essential proofs upon which the plaintiff relied to sustain his title presented this point to the trial court at all stages of the trial when such proofs were offered; and it cannot therefore be said, as the respondent now contends, that the point of the insufficiency of the complaint in the matter of this description is being for the first time urged in this court; nor does the record before us sustain the respondent's further contention that the description in the original complaint which was destroyed in the conflagration

was correct; on the contrary, every inference which arises from the proceedings attending the restoration of the lost record leads to the conclusion that the error is one which existed from the inception of the case. The only crumb of comfort which the respondent can find in this record consists in the fact that in two of the several answers which the defendants filed in the case, and in connection with denials therein of the plaintiff's title, a correct description of the lot appears. The record discloses, however, that these answers were filed shortly after the loss of the original papers and before their attempted restoration; and it further appears that the cause did not go to trial upon these answers, but upon a second amended answer filed long after the restoration of the record in which no description of the property appears. In this state of the record in this case we are constrained to hold the plaintiff's complaint herein insufficient to justify the introduction of the documentary proofs of the assessment, sale, and tax deed which the plaintiff proffered in support of his title and to sustain the judgment of the court based upon such proofs.

In view of the fact that the appeal must be sustained and the cause returned to the trial court for such further proceedings therein as may be requisite for the preparation of a proper record for the retrial of the cause, we do not deem it necessary at this time to pass upon the other points in the case, involving, as they do, the sufficiency of the assessment, sale, and conveyance of a lot other than that described in the plaintiff's complaint.

Judgment and order reversed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 11, 1916.